## NATIONAL SASH & DOOR CO., Inc. v. CONTINENTAL CASUALTY CO.

Circuit Court of Appeals, Fifth Circuit.
January 17, 1930.

No. 5657.

E. A. Carmouche, of New Orleans, La. (Schowalter & Carmouche, of New Orleans, La., on the brief), for appellant.

Eberhard P. Deutsch, of New Orleans, La. (Deutsch & Kerrigan, Ralph J. Schwarz, and Harry S. Kaufman, Jr., all of New Orleans, La., and E. V. Mitchell, of Chicago, Ill., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The National Sash & Door Company appeals from an order denying its motion to dissolve a temporary restraining order and granting a preliminary injunction, upon a bill of complaint filed in the federal District Court by the Continental Casualty Company.

The casualty company alleged in its bill that it was an Indiana corporation, and was surety upon the bond of one Mackenroth, a citizen of Louisiana, given to secure compliance with his contract to erect an apartment building on the property of the Reliance Homestead Association, also a citizen of Louisiana; that the amount of the bond was $60,000; that the building cost more than that; that the contractor defaulted; that the association had approved payments to the contractor in excess of the amount due him,

and had called upon the surety to complete the building; and that various subcontractors, including appellant, had filed or would file liens for labor and materials furnished in the construction of the building. The bill acknowledged liability to the lienholders, and alleged that the surety was ready and willing to make payment of such sums for labor and material as it was liable for under its bond, and prayed that an accounting be had with the association, and that lienholders be restrained from bringing independent suits, and required to present their claims to be passed upon in this proceeding.

The bill is such a one as is authorized to be brought by Act No. 298 of the Louisiana Legislature of 1926, which provides that the owner or any other interested person may file a petition in a court of competent jurisdiction, citing all claimants, and that their claims shall be tried in a concursus proceeding. The surety on a contractor's bond is specifically authorized to initiate the concursus proceeding, but is required to deposit in court the full amount of the bond. The order appealed from allowed a bond for $60,-000 to be deposited in lieu of cash, and it was only in this particular that the statute was departed from. We do not think that this slight departure from the statute affected in any degree the jurisdiction of the court below. The casualty company could have brought the suit in the state court, but the requisite diversity of citizenship existed, and it therefore had the choice of forum. Appellant had not filed a petition in the state court. The federal District Court is a court of competent jurisdiction, and no reason is suggested why it could not enforce the state statute.

The order appealed from is affirmed.