150 So. 840

**In re UNITED STATES FIDELITY & GUARANTY CO.**

**In re BANK OF NEW ROADS et al.**

No. 32458.

Oct. 30, 1933.

Bouanchaud & Kearney, of New Roads, and Chas. T. Wortham, of Donaldsonville, for Bank of New Roads.

E. R. Stoker, of Baton Rouge, for Louisiana Highway Commission.

Borron, Owen & Borron, of Baton Rouge, for Consolidated Companies, Inc.

A. S. Cain, Jr., of New Orleans, for Sullivan, Long, and Haggerty.

G. Ross Kearney, Jr., of New Roads, for B. Olinde & Sons, Inc.

Claiborne, Claiborne & Shepard, of New Roads, for C. W. Dawson.

Walter Lemann, for United States Fidelity & Guaranty Co.

ST. PAUL, J.

This is a concursus proceeding brought under the provisions of Act No. 224 of 1918 (page 406) "relating to contracts for public works."

Plaintiff deposited in the court below the amount admittedly due and called upon various claimants to assert inter sese their several claims to the fund so deposited.

The judge, on the application of plaintiff, appointed a commissioner to hear and report upon the various claims which might be presented.

The relators here, the several claimants for the fund, sought to have said appointment rescinded, but the judge persisted therein; hence this application.

The judge, for his authority to make said appointment, relies upon section 7 of said Act No. 224 of 1918, reading as follows: "That any proceeding brought under this act shall be tried summarily, and shall be referred to a Commissioner *as is now or may hereafter be provided by law,* who shall report his findings to the Court at the earliest date possible." (Italics ours.)

But there is no law relating to the appointment of a commissioner in such cases or prescribing his qualifications or the method of proceeding before him, except Act No. 52 of 1912 (page 61) which applies only "to cities of 50,000 population or over." Hence the section relied upon is defective and inoperative in places of less than 50,000 population; for "a statute which authorizes the result to be brought about, but does not provide the means of bringing that result about, * * * is defective, and can have no operation. Such a statute is in the same condition as those constitutional provisions which, for the same reason of not having provided the means of being carried in effect, are held not to be self-operative." Succession of Pizzati, 141 La. 645, 669; 75 So. 498, 507. Such a law is what Ulpian terms "lex minus quam perfecta" or "lex imperfecta," a law which states the legislative will but fails to provide *a sanction.* "Every law must have its sanction; that is to say, its means of enforcement. Without such, is can hardly be deemed a law." Nolan County Commissioners' Court v. Beall, 98 Tex. 104, 108, 81 S. W. 526, 528.

### Decree.

For the reasons assigned the alternative writ of prohibition herein issued is now made

absolute, and the order appointing the commissioner herein is set aside.