**LOUISIANA HIGHWAY COMMISSION v. FARNSWORTH.**

No. 7530.

Circuit Court of Appeals, Fifth Circuit.
Jan. 10, 1935.

Rehearing Denied Feb. 1, 1935.

William W. Ogden, of New Orleans, La., for appellant.

R. Emmett Kerrigan, of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action brought in the court below by the appellee, a citizen of the state of Mississippi, against the appellant, Louisiana highway commission, on a road construction contract entered into "by and between the state of Louisiana, approved by the Louisiana highway commission, through" its chairman and the state highway engineer, and the appellee. The right of the appellee to maintain the action was denied by appellant on the grounds that the suit in reality is one against the state of Louisiana, with the results that the suit is not maintainable in any court by reason of the absence of the consent of the state to be sued on the contract, and is not maintainable in the court below because of a lack of diversity of citizenship; the real defendant not being a citizen of a state other than that of which the plaintiff (appellee here) is a citizen. The stated objection to the right of appellee to maintain the suit was overruled.

 Louisiana highway commission is a corporation created by an act of the Legislature of Louisiana (Act No. 95 of Louisiana, 1921, Ex. Sess., p. 181), which contained the provision: "The Commission shall be a body corporate and as such may sue and be sued, plead and be impleaded, in any Court of Justice." Section 3. It appears from an opinion rendered that the above-mentioned ruling was based on the decision of the Supreme Court of Louisiana in the case of Saint v. Allen, 172 La. 350, 134 So. 246, 248. That was a suit by the Attorney General of Louisiana challenging the right of the Louisiana highway commission to employ attorneys to represent it without the consent or approval of the Attorney General. A principal ground of that challenge was the provision of the Constitution of Louisiana with reference to the Attorney General and his assistants: "They, or one of them, shall attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State. They shall exercise supervision over the several district attorneys throughout the State, and perform all other duties imposed by law. * * *" Const. La. 1921, art. 7, § 56. In overruling the claim asserted in that suit by the Attorney General, the Supreme Court of Louisiana, in the opinion rendered, after referring to the above set out provision of the Constitution of Louisiana, said:

"Under this provision it is the duty of the Attorney General and his assistants to prosecute and defend all suits or other legal proceedings to which the state is a party, and to have charge of all legal matters in which the state, as a distinct entity, apart from other entities or corporate agencies it may create, has an interest. It was not intended that the word, 'interest,' used in this section, should be received or interpreted in its broadest sense, in connection with the interests, possessed by the state. Such an interpretation would make the accomplishment of the duties of the Attorney General and his assistants, next to impossible, if not impossible. Therefore, so far as relates to the Constitution, that instrument, with reference to the duties of the Attorney General and his assistants, has confined, by implication, the duties, there demanded to be rendered, to those interests, possessed by the state, as a distinct entity, and has left it to the Legislature to impose such other duties upon those officials as it may deem proper to do from time to time.

"If the Louisiana highway commission is a distinct legal entity from the state, then there would seem to be no reason, so far as relates to the Constitution, why the Attorney General and his assistants should be deemed to be the attorneys for the commission, and why other arrangements could not be made, under legislative authority, for the selection of attorneys by the commission.

"The commission, in our opinion, is a distinct legal entity from the state. Section 3 of Act No. 95 of 1921 (Ex. Sess.) makes it a body corporate, with power as such to sue and be sued. It is an agency of the state, and not the state itself, created for the purpose of executing certain duties, devolving primarily upon the state. In a general sense, in its relations to the state, it is not dissimilar to levee districts, which are bodies corporate, created for the purpose of constructing and maintaining levees, which are duties, devolving primarily upon the state. It was held in State v. Standard Oil Co., 164 La. 334, 357, 113 So. 867, and in State v. Tensas Delta Land Co., 126 La. 59, 52 So. 216, that a levee district, though the creature and an agency of the state, had, as long as it was permitted to exist, a separate existence from the state, and that the state could not sue on causes of action accruing to the district. Nor, in a general sense, is the commission dissimilar, in its relations to the state, to the board of commissioners of the port of New Orleans, concerning which it was held that the board, as a body corporate, had a separate existence from the state, and, though an agency thereof, did not enjoy the immunity from the prescription, liberandi causa, enjoyed by the sovereign. Board of Commissioners of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127. These cases are pertinent here for the purpose of showing that the Louisiana highway commission is a separate legal entity from the state.

"However, it may be said that the ruling, as to the separate existence of the commission, is not well taken here, because the act, creating it, provides that all contracts for highway improvement shall be made in the name of the state, and that the state, acting through the commission, may acquire gravel beds, and the like, by purchase, lease, or donation, and that the state provides the commission with funds with which to discharge the purposes of its creation. Sections 16, 23, 34, Act No. 95 of 1921 (Ex. Sess.). These facts, however, are insufficient to make the commission and the state one and the same. They merely show that the commission is an agency of the state. It does not even follow that, because contracts for highway improvements must be entered into in the name of the state, suits on such contracts should be brought by the state or against it, for the commission, as a body corporate, is given express power to sue and be sued, which shows that such suits (which might be reasonably expected to constitute the greater part of the litigation in which the commission might become involved) should be instituted by the commission, and not by the state.

"Our conclusions therefore are that the Constitution, in defining the duties of the Attorney General and his assistants, confines those duties, by implication, to the state, as a distinct entity from its corporate agencies, and to the duties imposed upon those officials by law, and that the Louisiana highway commission is one of those agencies, and hence the duties and powers of the Attorney General and his assistants do not, by virtue of the Constitution, save as some of those duties may be prescribed by statute, attach to the commission."

Following the above set out part of its opinion, the court took up the question whether or not by statute the Attorney General was made the regular attorney and counsel of Louisiana highway commission, and concluded that he was not the attorney and counsel of that commission, as the statute which made him the regular attorney and counsel of state boards and commissions having a stated domicile excepted all state boards and commissions domiciled in the city of Baton Rouge, and by a provision of the act creating it Louisiana highway commission is domiciled in the city of Baton Rouge.

A holding that the instant suit in reality is one against the state of Louisiana, and that Louisiana highway commission is not a corporate legal entity, distinct from the state of Louisiana, subject to be sued on a road construction contract such as the above referred to one made with the appellee, would be inconsistent with the decision in the case of Saint v. Allen, supra. The question whether Louisiana highway commission is or is not subject to be sued on such a contract is one of Louisiana law. The obligation of that contract being dependent upon the Constitution and statutes of Louisiana, the decision of the Supreme Court of Louisiana as to the meaning and obligation of that contract must be accepted by this court as conclusive. U. S. ex rel. Louisiana v. Jack, 244 U. S. 397, 401, 37 S. Ct. 605, 61 L. Ed. 1222; Northwestern Mut. Life Ins. Co. v. McCue, 223 U. S. 234, 32 S. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57; Mutual Life Insurance Co. v. Johnson, Adm'r, 55 S. Ct. 154, 79 L. Ed. ——, Dec. 3, 1934. It is not denied that, but for the decision rendered in the case of Saint

v. Allen, supra, the decision in the case of State Highway Comm. v. Utah Const. Co., 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262, which was much relied on by counsel for the appellant, would be persuasive in support of a different conclusion. It appears from the opinion rendered in that case that the court regarded the conclusion it reached as being in harmony with decisions rendered by the Supreme Court of Utah. That circumstance differentiates that case from the instant one. We conclude that the ruling now under consideration was not erroneous.

■■ The appellee's petition contained allegations as to the appointment of receivers of the corporation which was the surety on the bond given by the appellee, and as to the filing by a named corporation of a lien for a stated amount for material purchased by appellee for use in the work contracted for, and contained prayers that such receivers and lien claimants be cited to appear. This was in conformity with the procedure prescribed by a Louisiana statute (Act of Louisiana 1918, § 4, Act No. 224) requiring the filing, "in the proper court where the work was done," of a petition citing the surety on the contractor's bond and claimants to appear, and requiring claimants to assert whatever claims they have, and that all claims be tried in concursus. The appellant objected to the maintenance of the suit on the ground that under the just referred to statutory provision the suit was required to be brought in a state court of the parish in which the work was done. That statute does not purport to require the suit to be brought in a state court; the requirement being that the proceeding be instituted "in the proper court where the work was done." No Louisiana decision which has come to our notice indicates that the statute has been construed as having the meaning attributed to it by counsel for appellant. It is not within the power of the state to exempt a Louisiana corporation from liability to suit in a federal court to enforce its contract obligations which are subject to be sued on in state courts. Lincoln County v. Luning, 133 U. S. 529, 10 S. Ct. 363, 33 L. Ed. 766; Chicot County v. Sherwood, 148 U. S. 529, 13 S. Ct. 695, 37 L. Ed. 546. The work having been done in the Western district of Louisiana, and the requisite diversity of citizenship between appellee and the appellant having existed, the suit was maintainable in the court below. National Sash & Door Co. v. Continental Casualty Co. (C. C. A.) 37 F.(2d) 342.

■■ Upon the conclusion of the evidence offered by the appellee, the appellant moved for a directed verdict in its favor on the ground that appellee waived his right to sue for damages for breach of the contract, and was estopped from doing so, by failing to put appellant in default and proceeding with the work after failure of the appellant to make payments called for by the contract. A similar motion was made upon the conclusion of the evidence in the case. Evidence showed the following: Payments called for by the contract were made by the appellant up to the month of October, 1931. During that month appellant in writing notified appellee that, by reason of lack of funds due to litigation which prevented the sale of bonds, appellant would be unable to pay the stipulated 85 per cent. of monthly estimates. Upon the receipt of such notice, the appellee, not having sufficient funds to carry on all the work called for by the contract, reduced his force on the work, and continued to prosecute the work with the reduced force up to December 24, 1931, when, by reason of appellant's continued failure to make stipulated payments and appellee's inability to meet the expenses of carrying on the work, he discontinued work entirely. While the work was suspended, both appellant and appellee expected the work to be resumed upon required funds becoming available to the former, and appellant from time to time assured appellee that the latter would be indemnified for all losses he had sustained as a result of the suspension of the work, and appellant in writing asked appellee to furnish an itemized statement of the losses he sustained as a result of the suspension of the work. Appellee complied with that request by sending to appellant statements of losses resulting to appellee from suspension of the work, and appellant at no time made any objection to the correctness of those statements. Appellee resumed the work under the contract when instructed by appellant to do so; the appellee before resuming work advising the appellant that the former reserved all rights arising out of the latter's breach of the contract. The ground of the above-mentioned motion was the failure of appellee to put appellant in default by tendering performance to the latter pursuant to provisions of Louisiana law. Louisiana Civil Code, Annotated, art. 1913 et seq. As the appellant in writing acknowledged its inability to make payments to the

914

appellee called for by the contract, the putting of appellant in default by making an obviously futile demand of performance by it was not a prerequisite to appellee having a right to sue for damages for appellant's breach of the contract. Rosenthral v. Baer, 18 La. Ann. 573; Dwyer v. Administrators, 47 La. Ann. 1233, 17 So. 796. Appellee did not waive the right in question while, instead of intentionally relinquishing it, it was being expressly asserted by him, and the validity of it was being recognized by the appellant; and appellee did not estop himself from asserting that right by conduct which did not mislead appellant to its prejudice to believe that that right did not exist or would not be asserted. Furthermore, the suit was for the recovery, not only of damages resulting to appellee from the suspension of the work, caused by appellant's failure to make payments when due under the contract, but also of an amount due under the contract for completed work. There was no dispute as to the last-mentioned amount being due. This being so, the appellant was not entitled to a ruling to the effect that, by waiver or estoppel, appellee had lost the right to any recovery. The rulings now under consideration were not erroneous. The record does not show any reversible error.

The judgment is affirmed.