CONTINENTAL CASUALTY CO. v. CALD-
WELL et al. (two cases).

Nos. 9817, 9818.

Circuit Court of Appeals, Fifth Circuit.

June 3, 1941.

Rehearing Denied July 2, 1941.

SIBLEY, Circuit Judge, dissenting on rehearing.

———◇———

R. Emmett Kerrigan, of New Orleans, La., for appellant.

John H. Tucker, Jr., of Shreveport, La., Benj. B. Taylor, of Baton Rouge, La., and Lewis L. Morgan, of Covington, La., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

These are appeals from orders dismissing plaintiff's petitions for want of jurisdiction. Plaintiff is here insisting as to each case that there was jurisdiction, defendants that there was not, but if there was jurisdiction, there was no equity in the bill and it should have been dismissed on this ground.

Plaintiff, a corporation and citizen of Indiana, is surety on a contractor's statutory bond,[1] given to the Board of Supervisors of Louisiana State University to secure the performance of a public building contract. Defendants, all citizens of Louisiana, except two are; two of the contractors, the widow of the third, material claimants, and the Board. The petition declares that it is a bill in the nature of a concursus and of a Bill of Interpleader brought under Act No. 224 of 1918, Sections 24(1), 24(26), Judicial Code, 28 U.S.C.A. §§ 41(1, 26), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the general equity powers and jurisdiction of the court. The claim made is, that the building contract for which it went surety has been performed; that the Board owes the contractor large sums of money, which it not only refuses to pay, but denies owing; that there are many material claimants, and some have already sued the plaintiff on the bond and that plaintiff is entitled to provoke a concursus to compel the Board to account for all moneys paid out and to pay into court for distribution, all moneys due on the contract, and all claimants to assert and settle all matters at issue between them. The Board moved to dismiss for want of jurisdiction and for want of equity. After a hearing on both motions, there was a dismissal, the order reciting that it was for want of jurisdiction. Appellant, while asserting here that there are other grounds on which the jurisdiction should have been maintained, pitches its appeal on the Louisiana public works concursus statute,[2] Act No. 224 of 1918, as amended.

[1] In addition, to its condition for the faithful performance of the contract, the bond contained an obligation for "the payment by the contractor and by all of the sub-contractors for all work done, labor performed or material furnished in the construction of the building."

[2] This Act provides that any person to whom any money shall be due on account of having done any work, performed any labor, or furnished any material in the construction of a public building, shall within 45 days after acceptance of the work by the public body or within 45 days after default, file with the owner a sworn statement of the amount due and record it with the recorder of mortgages.

Appellees, denying that a surety can provoke a concursus under the Act, urges that if it be assumed that it can, then the suit must be dismissed for want of jurisdictional diversity, since the persons involved in the concursus are citizens of Louisiana. They insist further that the bill may not be maintained as a bill in the nature of a Bill of Interpleader under the Federal Statutes or under the general equity jurisdiction because while there is diversity of citizenship between plaintiff and the defendants named in the bill, no cause or right of action is presented as between plaintiff and the defendants, and particularly as between plaintiff and the Board. Agreeing with appellant that the cause must be dismissed because plaintiff is without right to bring a concursus proceeding under the Louisiana Statute, and that the statute aside, no equitable ground is shown for bringing it, we pass, without deciding, the question whether, if the petition stated a case as a concursus proceeding or a Bill of Interpleader under the Federal Statute or the general equity jurisdiction, the fact that it brings into the federal court for litigation there, controversies between citizens of the same state, the university, the contractor and the material claimants, would oust the court of jurisdiction.

 The slightest reflection upon the nature of the statutory suit will demonstrate, we think, that the surety may not maintain it. For, in terms, the statute provides for its bringing only by the authorities, or by a claimant, and as shown by provisions of the statute quoted in the margin, where as here, it is admitted that the surety is solvent and the bond is sufficient in amount to pay the claims, the public authority is entitled to be discharged from the suit, leaving it to proceed as between the claimants, the contractor and surety. This makes it plain beyond question that the purpose of the bond is primarily to protect the public authorities from suit and that for the surety to bring the owner in to litigate in concursus, claims the surety has assumed and agreed to pay, is to defeat the purpose and condition of the bond. In Seal v. Gano, 160 La. 636, 107 So. 473, 474, the purpose and nature of the statutory concursus is set out. "It is a special remedy *afforded a certain class of creditors for the concurrent enforcement of their claims and to regulate their rights as between themselves and against a contractor doing public work, and the surety on his bond.* It is a statutory concursus authorized to be instituted under certain conditions *by the public authorities letting the contract for the public work, or by any person having a properly recorded claim against the contractor who performed the work or caused the same to be done,* in the event the authorities failed or neglected to exercise the right. *The bond furnished by the contractor* for the benefit of the authorities having the work done and for the benefit of claimants against the contractor *represents the fund upon and against which the rights of the creditors of the particular work are to be regulated and enforced."* (Emphasis supplied.)

While in Graphic Arts Bldg. Co. v. Union Indemnity Co., 163 La. 1, 111 So. 470, 471, the purpose and effect of the proceed-

---

Section 4 of Acts of 1918, Dart's, § 5126, provides for a concursus to be provoked by the public authority by a petition in the proper court where the work was done, citing claimants, contractor and subcontractor and surety on the bond, in which the public authority shall assert whatever claims they may have and require the claimants to assert whatever claims they have against any and all of them and all said claims shall be tried in concursus.

Section 5 of the Act, Dart's, § 5127, provides for preference as to the claims of the state or public body and that if the public authority does not, within the time stated, file a proceeding, any claimant may do so.

Section 6 of the Act, Dart's, § 5128, provides that if no objections are made by any claimant to the insolvency or suf- ficiency of the bond, the authorities may ten days after the service of notice of the concursus proceeding on each claimant having recorded claims, obtain from the clerk, a certificate to that effect and the certificate "shall relieve the * * * authorities of any personal liability, and the Recorder of Mortgages shall cancel all claims recorded as aforesaid."

If objections are made to the solvency or sufficiency of the bond they shall be tried summarily and if the surety is found not solvent or sufficient to cover the full amount or if there is no bond or the authority fails to record it, then it shall be in default and shall be liable to the same extent as the surety would have been. "The surety on the bond shall be limited to such defenses only as the principal on the bond."

ing is thus stated, "The proceeding is one specially provided by the statute, and does not fall under the rules provided for in ordinary actions. * * * The liability of the surety company in this instance is co-equal with that of the contractor. The surety company is limited to the defenses that can be made by the contractor. Act 262 of 1916. The obligation of the surety as expressed in the bond is strictly in keeping with the statute requiring the owner to exact such bond. That obligation assumed by the surety company was that it will pay all subcontractors, workmen, laborers, mechanics, and furnishers of material, as their interest may appear."

The surety being by its own allegations sufficient and solvent, its effort, while it stands in default on its bond, to bring the Board in by a concursus proceeding and compel it to account and to pay into court all of the funds that are or should be in its hands for distribution under the further orders of the court, is in the very teeth of the statute, providing, that if the bond is solvent and sufficient, the owner is discharged and that it is only when the surety is insolvent or insufficient that the owner may be held.

When we turn to its other claim that its suit must be considered one either under the Federal Interpleader Act or under the general equity jurisdiction of the court, appellant stands no better. The Federal Interpleader Statute[3] will not avail him, because the petition does not show a case as contemplated by that statute of a tender of a sum into court to be contested over by "adverse claimants, citizens of different States." Plaintiff does not as a stakeholder, recognizing its obligation in full and that it has no controversy with any of the claimants, tender the moneys claimed into court for the claimants to contend over. What it is endeavoring to do is, in the very teeth of the Interpleader Statute, to provoke a proceeding between the owner, the claimants and the contractor, as a result of which there will be controversies, all between citizens of Louisiana, tried in the Federal Court.

When finally appellant, invoking such cases as Fidelity & Deposit Co. v. Claiborne Parish School Board, D.C., 11 F.2d 404; Id., D.C., 35 F.2d 376; Id., 5

Cir., 40 F.2d 577; Republic National Bank v. Massachusetts Bonding Co., 5 Cir., 68 F.2d 445; and Glades County, Florida, v. Detroit Fidelity & Surety Co., 5 Cir., 57 F.2d 449, grounds its right to maintain the suit on the general equities of the petition, his case is even more hopeless. For, none of those cases were in any respect like this one. In all of them there was strong special equities; that the contractor was insolvent; that there had been diversion of funds; and that there were admitted retained percentages which under the terms of the contract had been withheld for the payment of claimants. In the Claiborne Parish case the action was at law for the recovery of amounts paid by the surety to certain laborers and materialmen. The contractor had completed the work and there was due him in the hands of the school board $12,000, which upon his order the school board had paid to a bank as his assignee. As stated in the appellate court, the claim of the appellee was "that the payment to the bank by the appellant on the order of the contractor was an unlawful diversion of the fund as to it by the appellant and this was the basis of the suit."

It was properly held there that the surety as claimant was entitled to judgment against the parish for the amount of the claims it had paid. In the Glades County case, the contractor was insolvent; the suit was upon the equity of exoneration that retained percentages due, should be paid to the materialmen rather than to the contractor, or otherwise diverted to the surety's prejudice. The Republic National Bank case was a suit by the surety against the Republic National Bank as assignee of an insolvent contractor, the city and others, upon its equity of exoneration, to compel the application of admittedly retained percentages under the contract to material claims and prevent their being paid to the bank or otherwise diverted.

Petitioner in this suit alleges nothing of this kind. It does not allege that the contractors are insolvent; or that they or the indemnity they gave the surety are not fully responsible to its demand.

It does not allege that there are any sums admittedly due which are about to be diverted on the orders, or through the

---

[3] 28 U.S.C.A. § 41 gives jurisdiction where one or more adverse claimants, citizens of different states, are claiming to be entitled to such money on property or to any one or more of the benefits arising by virtue of the bond.

procurement, of the contractor. Nor does it in any way present any equitable reasons why the remedy of exoneration readily enough applied as between it and the contractor should be applied as between it and the Board in the face of the conditions of its statutory bond and of the statutory provisions for a concursus. In short, its petition is wholly lacking in a showing of grounds for, and therefore of right to, equitable relief.

While, therefore, we have not found it necessary to determine and have not determined that the court below was correct in allowing the dismissal on jurisdictional grounds, we are in no doubt that the judgments dismissing the causes were correct and should be affirmed.

Affirmed.

SIBLEY, Circuit Judge (concurring).

The bond is ample to pay all claimants. There is no ground for a federal interpleader.

If the case were in a jurisdiction where English equity is administered, the surety, though he has paid out nothing, would be entitled to go against his principal for exoneration and have brought in for application to the creditors' claims the unpaid balance due on the building contract, making the claimants parties merely to receive their money, and not to delay or impede them. 21 R.C.L.Princ. & Sur., Sects. 146, 150; 50 C.J., Prin. & Sur., Sect. 396. Glades County v. Detroit Fid. & Surety Co., 5 Cir., 57 F.2d 449; Republic Natl. Bank v. Massachusetts Bonding & Ins. Co., 5 Cir., 68 F.2d 445. But English equity is not administered in Louisiana, and no equivalent of the equity of exoneration is found in the Civil Code. But I think the surety may provoke a statutory concursus. The surety was allowed to do this under Louisiana statute relating to private building contracts in National Sash & Door Co. v. Continental Casualty Co., 5 Cir., 37 F.2d 342. The public building statute here involved does not expressly say the contractor or the surety may provoke the concursus, but does not forbid it. A concursus brought by the surety was entertained without objection in United States Fidelity & Guaranty Co., 178 La. 87, 150 So. 840. In Mahoney v. Louisiana Highway Commission, 154 La. 383, 97 So. 582, it was held that where there are outstanding claims the contractor not only can provoke a concursus under the statute, but cannot sue the owner for the balance due in any other way. The contractor here is doing nothing towards settling the business, and I think the surety has the same right and duty to provoke the concursus.

But he cannot proceed in the federal court for lack of diversity in citizenship between the parties to the controversies he sets forth. The principal controversy he alleges is whether the University owes the contractor, and how much. The contractor's interests are adverse to the University and he must be aligned with the plaintiff; and having the same citizenship as the University, diversity fails. Again the surety denies that the contractor owes the claimants who are joined, and in the controversies with each of them the contractor must be aligned with the surety, and again diversity of citizenship is defeated. There is not federal jurisdiction, and the action was properly dismissed on that ground.

### On Petition for Rehearing.

PER CURIAM.

The petition for rehearing is denied.

SIBLEY, Circuit Judge (dissenting).

The petition for rehearing for the first time calls attention to Article 3057 of the Civil Code of Louisiana, which makes provision for a surety to seek indemnity from his principal before paying the debt, quite similar in its substance to the remedy for exoneration in English equity. It seems to me that Continental Casualty Company may have a good right under this Article of the Code to some of the protection it seeks in this petition. It would be the duty of this Court to effectuate any right the Casualty Company may have against Summa Caldwell in this respect, their citizenship being diverse. I think a rehearing ought to be had for the purpose of exploring more perfectly this question.