**MARYLAND CASUALTY COMPANY,**
Plaintiff,

v.

**The STATE HIGHWAY COMMISSION OF MISSOURI, Defendant.**

**No. 1062.**

United States District Court
W. D. Missouri,
Central Division.

Aug. 10, 1966.

F. Philip Kirwan, Kansas City, Mo., for plaintiff.

Robert L. Hyder, Bruce A. Ring, State Highway Commission, Jefferson City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

### I.

Plaintiff, invoking our diversity jurisdiction, brought the pending action against the State Highway Commission of Missouri "by way of subrogation and on account of the contractual rights conferred upon it by [an] Application for Contractor's Bond and Blanket Indemnity Agreement."

Although defendant contends that this action is in tort, it is obvious that plaintiff's claim is not predicated on such a theory. Whether plaintiff's claim is to be classified as being based upon a conventional or upon a legal subrogation (see §§ 2 through 7 of Subrogation, 50 Am.Jur. 678–686), it is certain that plaintiff's claim does not sound in tort.

■ Defendant filed what is captioned an "Answer and Plea to the Jurisdiction." Because such a pleading is unknown in federal practice, we treat it as a motion filed under Rule 12 of the Rules of Civil Procedure. Defendant there alleged that "the State Highway Commission of Missouri is in fact the State of Missouri and is not a citizen within the meaning of Section 1332 of Title 28 of the United States Code. Not being a citizen of the State, jurisdiction of this cause does not lie under said section and title as alleged by the plaintiff."

Plaintiff, in its suggestions in opposition to defendant's plea, states its position as follows:

Plaintiff concedes that if, in fact, defendant is the sovereign State of Missouri, it is not a citizen within the meaning of Section 1332, supra. However, if a state agency is a public corporation rather than an arm or alter ego of the State, it is a citizen of the State which created it for purposes of federal diversity jurisdiction.

There can be no legitimate question about the applicable law. The question presented is how that law should be applied in this particular case.

Defendant relies solely upon cases involving constitutional provisions and statutes of states other than Missouri. Such cases are not controlling. The Missouri law is definitively stated in State ex rel. Highway Commission of Missouri v. Bates, (Sup.Ct. en banc 1927) 317 Mo. 696, 296 S.W. 418.

In that case it was unanimously held that:

> The act of 1921 (Laws Extra Session 1921, p. 131 et seq.), which created the "state highway commission of Missouri," leaves no doubt of the fact that such body is a legal entity with powers of a corporation. * * * In our judgment it is a legal entity created by the state, by direct legislative action, for the purpose of building and maintaining state highways out of funds provided for such purpose, which funds are set apart for the specific purpose and can be used for no other purpose. (296 S.W. at 420).

The *Bates* case pointed out that the Highway Commission, contrary to the assertion of its counsel in this case, was granted no part of the State's sovereignty. It held:

> It is an entity, with powers of a corporation, established and controlled by the state for a specific public purpose, but that does not make this legal entity the sovereign state. . * * * This act gave to this legal entity no part of the state's sovereignty, but authorized it to proceed to do certain work which the state could have had done by private contracts made direct with the state. (296 S.W. at 420).

That case also held, again directly contrary to defendant's assertion in this case, that:

> It is not the state, but a mere entity created by the state, for the specific purpose of contracting for the building of state highways and bridges and the maintenance of the same and do-

ing all other things pertaining thereto. * * * It is in no sense entitled to immunity from suit, as is the state. In fact, the state, which created the commission, subjected it to be sued by express statutory provisions. * * * The commission is not the state, with the state's sovereignty (or any part thereof), but is a mere creature of the state, created for the express purpose of performing a specific work. (296 S.W. at 420).

Bush v. State Highway Commission of Missouri (Sup.Ct.Div. 2, 1932) 329 Mo. 843, 46 S.W.2d 848, was a case of first impression in regard to the liability of the Highway Commission for tortious acts of its agents and employees. That case held that the Highway Commission was immune from liability in tort. *Bates* was not in any way overruled; indeed, *Bush* was but a divisional opinion and could not have overruled *Bates,* which was an en Banc decision. *Bates* has not been modified or overruled by any other decision of the Supreme Court of Missouri.

*Bush* distinguished *Bates* and stands only for the proposition that the public policy of Missouri requires that the Highway Commission not be held liable in tort. *Bush* made this proposition clear. After disclaiming that the Missouri Legislature had created a monster comparable to Mrs. Shelley's Frankenstein when it created the Highway Commission, that case held that the legislative action that the Highway Commission could sue and be sued was a waiver but that the waiver was not as broad as it might seem. *Bush* held:

> But the waiver by the state for itself or its officers or agents of immunity from an action is one thing. Waiver of immunity from liability for the torts of the officers or agents of the state is quite another thing. (46 S.W.2d at 856).

In regard to *Bates, Bush* said that the former "goes no further than to say that the Commission is a legal entity, which of course it is," and that "the views expressed by the court in State

ex rel. Highway Commission of Missouri v. Bates, supra, do not subject the commission to liability for the tortious acts of its servants and employees" (46 S.W.2d at 857).

The rationale of *Bush* was a frank and candid statement that it was the view of the Supreme Court of Missouri that "it would be against the public interest to rule that the state highway commission was subject to liability for the tortious acts of its agents and employees" (46 S.W.2d 859). We have no doubt but that the Supreme Court of Missouri did establish the public policy of immunity from liability for tort for the Highway Commission. Many cases reflect and follow the rule of decision announced in *Bush*. See, for example, Rector v. Tobin Construction Co., (St.L.Ct.App.1961) 351 S.W.2d 816 at 820 [reversed on other grounds Rector v. Tobin Construction Co. (Mo.1964) (en banc) 377 S.W.2d 409]; Smith v. Aldridge, (St.L.Ct.App. 1962) 356 S.W.2d 532 at 535; and Luttrell v. State Highway Commission, (St. L.Ct.App.1964) 379 S.W.2d 137 at 138. But that fact does not determine the jurisdictional question involved in the case at bar.

The Supreme Court of Missouri has treated the Highway Commission in a manner quite similar to its treatment of governing boards of State educational institutions. State ex rel. Thompson v. Board of Regents, 305 Mo. 57, 264 S.W. 698, 701, was cited and relied upon in *Bates* to establish a separate entity status for the Highway Commission. *Bush*, in turn, was relied upon in Todd v. Curators of University of Missouri, (Sup.Ct.Div. 1, 1941) 347 Mo. 460, 147 S.W.2d 1063, to establish tort immunity for the Board of Curators. In *Todd* the Court again stated with candor that tort immunity for educational institutions had been created by the Supreme Court of Missouri consistent with what it said was "the public policy which has existed in this state from its beginning" (147 S.W.2d at 1064). The Supreme Court announced in *Todd* that "[c]ourts should maintain such public policy unless and

until it be changed by positive legislative enactment" (147 S.W.2d 1064).

The fact that the rule of decision of the Supreme Court of Missouri prohibits actions in tort against the Highway Commission does not mean that the statutory authorization that the Highway Commission may sue and be sued is meaningless. Numerous cases illustrate that so far as actions other than tort are concerned, the legislative waiver has been given full force and the Highway Commission has been treated as any other party litigant. The following examples are sufficient to establish the point: Sandy Hites Co. v. State Highway Commission, (Sup.Ct.Div. 1, 1941) 347 Mo. 954, 149 S.W.2d 828; Gillioz v. State Highway Commission, (Sup.Ct.Div. 1, 1941) 348 Mo. 211, 152 S.W.2d 18; Spitcaufsky v. State Highway Commission of Missouri, (Sup.Ct.Div. 2, 1942) 349 Mo. 117, 159 S.W.2d 647; and Cameron, Joyce & Co. v. State Highway Commission, (Sup.Ct.Div. 1, 1942) 350 Mo. 389, 166 S.W.2d 458.

In regard to the diversity jurisdiction of the federal courts, Highway Commission of Wyoming v. Utah Const. Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929), is frequently cited in regard to the question of whether a particular highway commission, turnpike authority, or other state political entity was or was not created as a mere agency or arm of the State in a manner that would defeat diversity jurisdiction. That case, of course, merely held on its particular facts that the Utah Highway Commission was but an arm or alter ego of the State and that it could not be said, under long established law, that it was a separate entity and therefore a citizen, within the meaning of the federal statute conferring diversity jurisdiction on the federal courts.

The Court of Appeals for the Eighth Circuit determined in State Highway Commission in Arkansas v. Kansas City Bridge Co., (8th Cir. 1936) 81 F.2d 689, that the legislation establishing the Arkansas Highway Commission was comparable to that which established the

Utah Highway Commission, and that, therefore the district court lacked jurisdiction.

In State of Missouri v. Homesteaders Life Ass'n, (8th Cir. 1937) 90 F.2d 543, the Court of Appeals for the Eighth Circuit distinguished State Highway Commission in Arkansas v. Kansas City Bridge Co. and rejected the argument that the State of Missouri was the real party in interest in an action brought by the Superintendent of Insurance of Missouri under the particular Missouri statutes there involved.

Louisiana Highway Commission v. Farnsworth, (5th Cir. 1935) 74 F.2d 910, cert. denied 294 U.S. 729, 55 S.Ct. 638, 79 L.Ed. 1259, was cited and relied upon in *Homesteaders Life Ass'n,* and the diversity jurisdiction was sustained by the Eighth Circuit in the latter case. The Eighth Circuit also relied upon and followed *Farnsworth's* rationale in State of North Dakota v. National Milling & Cereal Co., (8th Cir. 1940) 114 F.2d 777.

In *North Dakota,* the court held that "[t]he defendant's status depends upon the proper construction of the Constitution and the statutes of the State of North Dakota and the decisions of its supreme court." See also the Eighth Circuit case of Chicago R. I. & P. R. Co. v. Long, (8th Cir. 1950) 181 F.2d 295, at 298, where it was held that "the construction of the Iowa statute by the Iowa courts is binding on this court."

*Farnsworth,* the Fifth Circuit case upon which our controlling court has so frequently cited and relied, involved a factual situation strikingly similar to that presented by the case at bar. The State of Louisiana created its Highway Commission in 1921, the same year that the Missouri Highway Commission was created. The Supreme Court of Louisiana in Saint v. Allen, 172 La. 350, 134 So. 246, in much the same manner as the Supreme Court of Missouri did in the *Bates* case, held definitively that:

"The commission, in our opinion, is a distinct legal entity from the state. Section 3 of Act. No. 95 of 1921 (Ex. Sess.) makes it a body corporate, with power as such to sue and be sued. It is an agency of the state, and not the state itself, created for the purpose of executing certain duties, devolving primarily upon the state. (74 F.2d at 912).

In affirming the district court's refusal to remand the case on the theory that the action was in reality against the State of Louisiana and not against a separate entity, its Highway Commission, the court held:

The question whether Louisiana highway commission is or is not subject to be sued on such a contract is one of Louisiana law. The obligation of that contract being dependent upon the Constitution and statutes of Louisiana, the decision of the Supreme Court of Louisiana as to the meaning and obligation of that contract must be accepted by this court as conclusive. (74 F.2d at 912).

The court emphasized in *Farnsworth* that:

A holding that the instant suit in reality is one against the state of Louisiana, and that Louisiana highway commission is not a corporate legal entity, distinct from the state of Louisiana, subject to be sued on a road construction contract such as the above referred to one made with the appellee, would be inconsistent with the decision in the case of Saint v. Allen, supra. (74 F.2d at 912).

A line of cases in the Fifth Circuit illustrates the proposition that each case involving a particular state governmental agency must be considered on the particular legislative facts and the decisions of particular state courts before the question of federal diversity jurisdiction may be determined.

Department of Highways of Louisiana v. Morse Bros. & Assoc., (5th Cir. 1954) 211 F.2d 140, involved the Louisiana Highway Department, whose name had been changed from "Commission" to "Department" by the Louisiana Legislature in an effort to defeat federal diversity jurisdiction. The Fifth Circuit held

that the change of name was ineffective and that diversity jurisdiction continued to exist.

Louisiana Land & Exploration Co. v. State Mineral Bd., (5th Cir. 1956) 229 F.2d 5, on the other hand, held that the action against the particular board there involved was in reality an action against the State and that diversity jurisdiction could not be said to be present. A contrary result was reached in Kirby Lumber Corp. v. State of Louisiana through Anacoco-Prairie State Game and Fish Comm., (5th Cir. 1961) 293 F.2d 82.

The fact that diversity was held to exist in some cases and not in others does not indicate any inconsistency in either the applicable law or the application of that law to a particular case. It merely means that the legislatures of particular states pass different sorts of statutes that differ greatly one from the other and that State and federal courts so hold.

■ Consistent with the decision of the Supreme Court of Missouri in *Bates,* we hold that this Court has diversity jurisdiction when the Missouri State Highway Commission is a party. Defendant's contention that the State Highway Commission is in fact the State of Missouri for jurisdictional purposes is not tenable.

## II.

We note that defendant in paragraph 1 and paragraph 4 of its pleading raises some question as to plaintiff's residence and in regard to the jurisdictional amount alleged. Neither point is mentioned in defendant's suggestions in support of its pleading.

If defendant is serious about either point, it shall file an appropriate motion within five (5) days so that proper attention may be given to any question raised.

The parties are advised to complete discovery by September 30, 1966. No discovery will be permitted after that date except upon motion duly filed, supported by suggestions, and for good cause shown. This case will be on the pretrial docket to commence October 3, 1966, and will be on the trial docket to commence later that month.

For the reasons stated, defendant's plea to the jurisdiction as contained in its pleading filed, which we treat as a motion under Rule 12, should be and is hereby denied. Defendant shall file an amended answer omitting references to the jurisdiction question raised within five (5) days.

It is so ordered.