**Complaint of VALLEY TOWING SER-VICE as owner of the M/V CITY OF GREENVILLE for exoneration from or limitation of liability.**

**The VALLEY LINE COMPANY, et al., Plaintiffs,**

**v.**

**The M/V CITY OF GREENVILLE and Valley Towing Service, Inc., Defendants.**

**The M/V CITY OF GREENVILLE and Valley Towing Service, Inc., Third-Party Plaintiff,**

**v.**

**STATE OF MISSOURI DEPARTMENT OF HIGHWAYS AND TRANSPOR-TATION, Third-Party Defendant.**

Nos. 83–808A(1), 83–1149A(1).

United States District Court, E.D. Missouri, E.D.

March 30, 1984.

**1288**

James J. Wilson, City Counselor, John J. Mortin, Asst. City Counselor, St. Louis, Mo., for City of St. Louis.

Peter B. Hoffman, Kortenhof & Ely, St. Louis, Mo., for Eagle Marine Industries.

William E. O'Neil, Michael W. Lodwick, O'Neil, Eichin & Miller, New Orleans, La., John S. Sandberg, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for Pillsbury Co. and Dravo Mechling Corp.

Richard F. Johnson, Warren C. Ingersoll, Lord, Bissell & Brook, and John Scott Hoff, Lapin & Hoff, Chicago, Ill., Frank N. Gundlach, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for Valley Towing Service.

Gary Mayes, Michael D. O'Keefe, Thompson & Mitchell, St. Louis, Mo., for Hilliard Lyons Barge Partners 1981–1 as owner and Marine Equipment Mgmt. Co. as managing agent of Barge ITC–110; PLM River Barge Partners I as owner and Marine Equipment Mgmt. Co. as managing agent of Barge RBP–108; Valley Line Company as owner of barges VL–7195, MV–6669, VL–81438 and VLX–7634; Flowers Transportation as owner of Barge RF–815; Cro-Marine Transport, Inc. as Charter of barges ABC–777 and ABC–773; Security Barge Line, Inc. as owner of barge VTC–106; Peavey Company as charterer of barge PV–505B & Northwestern National Bank of Minneapolis as owner of barge PV 505B, Insurance Co. of North America as subrogee of Peavey Company and Peavey Company as charterer and owner pro hac vice of barge MAC 210.

Donald B. Balfour, Lucas & Murphy, P.C., St. Louis, Mo., for Slay Warehousing Co., Inc.

Elmer Price, Hubert I. Binowitz, Goldstein & Price, St. Louis, Mo., for Monsanto Co., Consolidated Grain and Barge Company and American River Transportation Company.

James W. Herron, James V. O'Brien, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Missouri Portland Cement Company, Inc.

Richard D. Schreiber, St. Louis, Mo., for Missouri Highway Dept.

## ORDER AND MEMORANDUM

NANGLE, Chief Judge.

**IT IS HEREBY ORDERED** that the motion of third-party defendant Missouri Highway and Transportation Commission (mistakenly designated by third-party plaintiffs as "State of Missouri Department of Highways and Transportation") for summary judgment[1] on the third-party complaint of third-party plaintiffs, M/V City of Greenville and Valley Towing Service, Inc., be and is granted and said third-party complaint be and is dismissed. This is an admiralty suit arising out of a collision between one or more barges in the tow of third-party plaintiffs' vessel and the Poplar Street Bridge which spans the Mississippi River. Third-party plaintiffs allege that third-party defendant was responsible for maintaining navigational lights on said bridge and

---

**1.** Third-party defendant's motion was denominated a "motion to dismiss". However, in view of the fact that third-party defendant submitted an affidavit in support of its motion, third-party defendant's motion should be treated as a motion for summary judgment. *Fed.R.Civ.P.* 12(b).

that the collision was proximately caused by the negligence of third-party defendant in failing to properly maintain said navigational lights. It is the opinion of this Court that third-party defendant must be granted summary judgment on third-party plaintiffs' complaint for the reason that third-party defendant is immune from suit under the eleventh amendment to the United States Constitution. *U.S. Const., amend. XI.*

■ The eleventh amendment immunizes a state from suits brought in federal court by citizens of other states or a foreign state unless the state defendant has specifically waived immunity from suit in federal court. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The eleventh amendment immunity extends to suits which, if successful, would impose a monetary liability on the state defendant that would have to be paid from the public treasury. *Great Northern Life Insurance v. Read,* 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944). Suits against departments or agencies of the state are barred by the eleventh amendment even though the state is not expressly named as a party. *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). The eleventh amendment applies to suits in admiralty. *Ex parte State of New York,* 256 U.S. 490, 497–98, 41 S.Ct. 588, 589–90, 65 L.Ed. 1057 (1921); *Ex parte Madrazzo,* 32 U.S. 627, 632, 7 Pet. 627, 632, 8 L.Ed. 808 (1833).

■ Applying these principles to the case at bar, it is clear that third-party plaintiffs' third-party complaint is barred by the eleventh amendment. Third-party plaintiffs do not contend that they are citizens of Missouri and their complaint alleges that they are citizens of Tennessee. Third-party defendant is a subordinate branch of the executive department of the government of the State of Missouri. The third-party complaint seeks damages which, if third-party plaintiffs are successful, will have to be paid out of the public treasury of the State of Missouri. Accordingly, the third-party complaint appears to fall within the prohibitions of the eleventh amendment.

■ Third-party plaintiffs, however, argue that Missouri waived its eleventh amendment immunity in two (2) respects. First, third-party plaintiffs contend that Missouri waived its eleventh amendment immunity by constructing, operating and maintaining a bridge over navigable waters. Third-party plaintiffs rely primarily upon the decision in *Chesapeake Bay Bridge and Tunnel District v. Jauritzen,* 404 F.2d 1001 (4th Cir.1968). However, the Fourth Circuit recently overruled *Chesapeake Bay* in *Faust v. South Carolina State Highway Department,* 721 F.2d 934, 940, 941 (4th Cir.1983). In *Faust* the court admitted that *Chesapeake Bay* was based upon an "untenable" reading of *Parden v. Terminal R. Co.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). Relying upon the Supreme Court's subsequent decisions in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and *Employees v. Missouri Public Health Department,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), the *Faust* court held that South Carolina did not waive its eleventh immunity by operating a ferry in navigable waters. In so doing, the Fourth Circuit acknowledged that it was "in accord with every other court of appeals which had considered this issue." 721 F.2d at 941. *See Karpovs v. Mississippi,* 663 F.2d 640 (5th Cir.1981); *Freimanis v. Sea-Land Service, Inc.,* 654 F.2d 1155 (5th Cir.1981); *Jackson Sawmill Co. v. United States,* 580 F.2d 302 (8th Cir.1978); *Riggle v. California,* 577 F.2d 579 (9th Cir.1978); *Williamson Towing Co. v. Illinois,* 534 F.2d 758 (7th Cir.1976); *Intracoastal Transportation Inc. v. Decatur County, Georgia,* 482 F.2d 361 (5th Cir.1973); *Red Star Towing & Transportation Co. v. Department of Transportation,* 423 F.2d 104 (3d Cir.1970). This Court follows these decisions and rejects third-party plaintiffs' argument.

■ Third-party plaintiffs' second waiver argument relies upon the waivers of immunity found in R.S.Mo. §§ 537.600–537.650 (1978). While these statutes express waivers of Missouri's common law sovereign immunity from tort liability, they do not necessarily express or imply a waiver of Missouri's federal constitutional immunity from suit in federal court. Therefore, these statutes do not constitute a waiver of the eleventh amendment immunity. *Jackson Sawmill*, 580 F.2d at 310–11; *Miller v. State of Vermont*, 201 F.Supp. 930 (D.Vt. 1962). *See also Tatlock v. Huckstep*, No. 80–524C(B), slip op. at 2–4 (E.D.Mo. November 5, 1980).

**IT IS FURTHER ORDERED** that the motion of Monsanto Company for leave to file its cross-claim be and is granted.

**IT IS FURTHER ORDERED** that the motion of American River Transportation Company and Archer-Daniels-Midland Company for leave to file an amended claim and an amended answer and cross-claim be and is granted.

**IT IS FURTHER ORDERED** that the motion of Consolidated Grain and Barge Company for leave to file its amended answer and cross-claim be and is granted.