**POETTKER CONSTRUCTION COMPANY, Plaintiff,**

v.

**HIGHWAY AND TRANSPORTATION COMMISSION OF MISSOURI, Defendant.**

No. 4:93CV 0390 SNL.

United States District Court, E.D. Missouri, E.D.

March 26, 1993.

Rodney M. Sharp, Sandberg and Phoenix, St. Louis, MO, for plaintiff.

Rich Tiemeyer, Dan Pritchard, and Grego-ry W. Schroeder, Highway & Transp. Com'n, State of Mo., Jefferson City, MO, for defen-dant.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This matter is before the Court upon de-fendant's Motion to Dismiss for lack of juris-diction based upon Eleventh Amendment im-munity and lack of subject matter jurisdic-tion. Plaintiff filed this action seeking in-junctive relief from any attempt by defen-dant to make a demand upon plaintiff's bid bond after plaintiff attempted to withdraw or amend its original bid, which was accepted by defendant. On February 12, 1993, this Court issued a temporary restraining order and set the matter for hearing on a prelimi-nary injunction for February 19, 1993. On that date, it was agreed by all parties that the jurisdictional issues in defendant's Mo-tion to Dismiss should be addressed prior to proceeding on the merits.

■ Defendant moves to dismiss, arguing that it is immune from suit in federal court due to the Eleventh Amendment of the United States Constitution. Plaintiff opposes said motion for various reasons. In support of its assertion, plaintiff cites *Maryland Casualty Company v. State Highway Commission of Missouri*, 256 F.Supp. 666 (W.D.Mo. 1966). The District Court held that defendant's predecessor in interest, the State Highway Commission, was not the State of Missouri for diversity jurisdiction purposes. *Id.* at 670. In *Maryland Casualty Company*, the Court stated the "Supreme Court of Missouri has treated the Highway Commission in a manner quite similar to its treatment of governing boards of State educational institutions[,]" citing a case involving the Curators of the University of Missouri. *Id.* at 668. In *Long v. The Curators of the University of Missouri*, No. 92–0814–CV–W–6, 1993 WL 52821 (W.D.Mo. Feb. 23, 1993), however, the United States District Court for the Western District of Missouri held that the Curators of the University of Missouri were immune from suit under the Eleventh Amendment. Since the Missouri Supreme Court has treated the University of Missouri similar to defendant's predecessor, it would stand to reason that defendant would also be immune under the Eleventh Amendment based upon *Long.*

This conclusion is also logical based upon the fact that subsequent to the ruling in *Maryland Casualty*, the State Highway Commission was made part of the executive branch of the State of Missouri and the Department of Transportation and the State Highway Commission were merged into the present defendant. Additionally, defendant's funds are now part of the general treasury. Finally, specific cases from this Court and the Eighth Circuit Court of Appeals have held that defendant is entitled to immunity under the Eleventh Amendment. *See Jackson Sawmill Company, Inc. v. United States*, 580 F.2d 302, 307–11 (8th Cir.1978); *Complaint of Valley Towing Service*, 581 F.Supp. 1287, 1289 (E.D.Mo.1984); *Dobnikar v. Kawasaki*, No. S88–0001C (E.D.Mo. Feb. 20, 1990).

■ Plaintiff further contends that application of the Eleventh Amendment to the present action is incorrect because the Eleventh Amendment does not apply to suits in which equitable or injunctive relief is being sought, citing *Tullock v. State Highway Commission of Missouri*, 507 F.2d 712 (8th Cir.1974). In *Tullock*, the Eighth Circuit Court of Appeals held that Eleventh Amendment immunity does not apply to suits seeking injunctive relief, citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) and that a state statutory waiver of immunity existed in Mo.Rev.Stat. § 226.-100, which permits the Commission to sue and be sued. The Court disagrees, however, with plaintiff's argument.

In *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982), the United States Supreme Court distinguished *Edelman* and expressly held that the 11th Amendment is clearly applicable to suits seeking injunctive relief. *Cory*, 457 U.S. at 90–91, 102 S.Ct. at 2328–29. Furthermore, the United States Supreme Court has held that general statutes for the waiver of sovereign immunity cannot be considered a waiver of Eleventh Amendment immunity from suit in federal court. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99 n. 9, 104 S.Ct. 900, 907 n. 9, 79 L.Ed.2d 67 (1984) (citation omitted); *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 3146–47, 87 L.Ed.2d 171 (1985) (citation omitted). Any waiver of Eleventh Amendment immunity must specify the State's intention to subject itself to suit in federal court. *Atascadero State Hospital*, 473 U.S. at 241, 105 S.Ct. at 3146–47. Mo. Rev.Stat. § 226.100 does not specifically waive any Eleventh Amendment immunity, as is required.

Thus, it is the opinion of this Court that defendant's Motion to Dismiss for lack of subject matter jurisdiction based upon Eleventh Amendment immunity should be granted because defendant is a department or agency of the State of Missouri and because Eleventh Amendment immunity is applicable to suits seeking injunctive relief. The Court, therefore, declines to address defendant's al-

ternative arguments in support of its Motion to Dismiss.

Accordingly,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that the Temporary Restraining Order granted on February 12, 1993 is hereby DISSOLVED.