O’NIELL, Chief Justice.
 

 This is a suit to recover $1,910.55 for overcharges alleged to have been paid out by the Louisiana Highway Commission on invoices for crushed stone sold and delivered to the commission in 1937 and 1938.
 

 By Act 47 of 1940, Title XIX, p. 265, the Department of Highways was created as the successor to the Louisiana Highway Commission; all of the functions of the commission were declared transferred to the Department of Highways; the title of the head of the department — who was formerly called Chairman of the Highway Commission — became Director of Highways; and it was declared in the act that the members of the Louisiana Highway Commission, then in office, should continue in office as the members of the Board of Highways. The effect of the statute, therefore, upon the Louisiana Highway Commission, was to change its name to that of the Department of Highways, and to change the title of its chairman to that of Director of Highways.
 

 Accordingly, this suit was brought in the name and on the petition of the Department of Highways as the successor of the Louisiana Highway Commission, thus: “The petition of the Department of Highways of the State of Louisiana, the successor to the Louisiana Highway Commission, appearing herein through W. Prescott Foster, Direc- . tor of Highways of the State of Louisiana”, etc. For some reason — which is not obvious and not important — the State of Louisi
 
 *78
 
 ana was joined as coplaintiff, appearing through the Attorney General and through the Louisiana Crime Commission, created by Act 13 of 1940. >
 

 The defendants filed a motion to compel the plaintiffs to elect whether their claim arose ex contractu or ex delicto; and, at the same time, reserving the benefit of their motion, the defendants filed an exception, in which they pleaded that the State of Louisiana should not have been joined as a party plaintiff; that the Attorney General had no authority to appear for the State as a party plaintiff; that, if Act 13 of 1940, which created the Louisiana Crime Commission, was relied upon as giving the Attorney General or the Crime Commission’ the authority to institute this suit on behalf of the State, the act was unconstitutional for several reasons set forth in the defendants’ exception. In support of their exception to the authority or right of the Department of Highways, through the Director of Highways, to institute the suit as the successor to the Louisiana Highway Commission, the defendants pleaded that Act 47 of 1940, by which the Department of Highways was created, was unconstitutional for several reasons set forth in the defendants’ exception.
 

 The judge maintained the defendants’ exception to the right or authority of the State to prosecute the suit, through either the Attorney General or the Crime Commission, on the ground that Act 13 of 1940 was unconstitutional; and he maintained the exception to the right or authority of the Department of Highways to prosecute the suit as the successor to the Louisiana Highway Commission, on the ground that the provisions of Act 47 of 1940 creating the Department of Highways were unconstitutional. The judge therefore dismissed the suit. The plaintiffs are appealing from the decision.
 

 The State of Louisiana was not a necessary party to this suit. The right of .action — if -there is a right of action — belongs to the Department of Highways as the successor to the Louisiana Highway Commission, — as long as the provisions of Act 47 of 1940, creating the Department of Highways, are not decreed unconstitutional. If the State were a necessary party plaintiff, the Attorney General, of course, would have the authority to represent the State, because, according to Section 56 of Article VII of the Constitution, the Attorney General shall have charge of all legal matters in which the State has an interest, or to which the State is a party, with the authority to institute and prosecute any and all suits which he may deem necessary for the assertion or protection of the rights or interests of the State. For that reason there was no necessity for the Crime Commission to appear also as representing the State, — assuming for the sake of argument that the statute creating the commission was 'constitutional. Some of the provisions of Act 13 of 1940, creating the Crime Commission, and an appropriation of $500,000 to the commission, were pronounced unconstitutional in the case of Stewart v. Stanley, Attorney General, 199 La. 146, 5 So.2d 531. Since that decision was rendered the commission has not instituted or prosecuted any lawsuit. But the question of constitu
 
 *80
 
 tionality or unconstitutionality of Act 13 of 1940, creating the Crime Commission, is a matter of no importance in this case. The Crime Commission was never a party to the suit, but appeared merely to represent the State as a party plaintiff. The authority of the' Attorney General to represent the State is sufficient without the aid of the Crime Commission. The commission is not now claiming the right to continue to represent the State, and is in fact out of the case.
 

 The provisions of Act 47 of 1940 creating the Department of Highways have never been decreed unconstitutional except by the judgment of the district court in this case. As long as these provisions of the law are not judicially decreed unconstitutional the Attorney General must obey and enforce them. He had no right to ignore the statute and to bring the suit in the name of the Louisiana Highway Commission, instead of bringing it as he did bring it, in the name of the Department of Highways, as the successor of the Louisiana Highway Commission. Unless and until the provisions of the law creating the Department of Highways are decreed unconstitutional in a proceeding in which the question of constitutionality of the law is a necessary issue, the Department of Highways is and remains the successor of the Louisiana Highway Commission. The defendants therefore had no interest in
 
 tendering
 
 — in defense of this suit — the question of constitutionality of the law creating the Department of Highways as the successor of the Louisiana Highway Commission. Any judgment that may be rendered for or against the Department of Highways in this case will be binding upon the Louisiana Highway Commission if the law creating the Department of Highways is declared unconstitutional.. But there is no necessity for deciding
 
 the
 
 question of constitutionality of the law in this case, merely to determine now whether the plaintiff should have appeared in the name of the Louisiana Highway Commission.
 

 If the suit had been brought in the name of the State alone the defendants might have questioned the State’s right of action. But, when a suit is brought in the name of a state board or commission or agency in which is vested the right of action if in fact there is a right of action, the defendant has no cause to complain of the State’s being made a party plaintiff. There is' therefore no reason why the suit should be dismissed as far as the State is concerned, or as far as the State is a party plaintiff.
 

 The amount sued for is not enougn to bring this case within the appellate jurisdiction of this court. The reason why the appeal was made returnable to this court is that a law of the State was declared unconstitutional. Const, art. 7, sec. 10, par. 5. In fact two statutes were declared unconstitutional in the judgment dismissing this suit. But, as we find that it is not necessary to consider the question of constitutionality of either of these statutes in determining that
 
 the
 
 plaintiffs have the right to proceed with the suit, there is nothing else for the court to do but to set aside the judgment and remand the case to the district court for further proceedings.
 

 
 *82
 
 The judgment appealed from is annulled; the defendants’ exceptions to the authority or right of the plaintiffs to prosecute this suit are overruled; and the case is ordered remanded to the district court for further proceedings consistent with the opinion which we have rendered. The defendants are to pay the costs of this appeal; all other costs are to abide the final disposition of the case.
 

 ROGERS, J., concurs in the result.
 

 HIGGINS, J., concurs in the decree.
 

 McCALEB, J., concurs with reasons.