**GEORGE A. FULLER COMPANY, Inc.,**
**Plaintiff,**

v.

**COASTAL PLAINS, INC., and the Board of Commissioners of the Port of New Orleans, Defendants.**

**Civ. A. No. 68–782.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 14, 1968.

See also, D.C., 283 F.Supp. 754.

912

Ewell P. Walther, Jr., Campbell C. Hutchinson, of Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, La., for plaintiff.

Sumter D. Marks, Jr., Charles M. Lanier, of Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Board of Commissioners, Port of New Orleans, defendant.

Paul A. Nalty of Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., and William J. Adams and C. Douglass Forde, Jr. (co-counsel), New Orleans, La., for Coastal Plains, Inc., defendant.

Gibbons Burke, amicus curiae of Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La.

## MEMORANDUM OF REASONS

COMISKEY, District Judge.

The plaintiff George A Fuller Co., Inc. sued the Board of Commissioners of the Port of New Orleans (The Dock Board) based on a general construction contract between the plaintiff and the Dock Board for the construction of a facility described generally as the Bulk Terminal Facility in New Orleans, Louisiana. The plaintiff is a citizen of the state of Texas and the plaintiff contends the defendant Dock Board is for jurisdictional purposes a citizen of Louisiana. This alleged diversity of citizenship is denied by the Dock Board and it contends it is the State of Louisiana and not a citizen thereof.

The defendant Dock Board has filed a motion to dismiss on several grounds, all of which we view to be without merit, and two of which we will discuss in this memorandum, namely, that the Dock Board cannot be sued in the federal courts and the suit is premature under the Louisiana Public Works Act. The Dock Board contends that it is not a citizen of Louisiana for purposes of diversity of citizenship jurisdiction. 28 U.S.C. 1332(a) (1).[1] Under the Eleventh Amendment to the United States Constitution[2] the Dock Board contends that it is immune from suit in federal court since it is the State of Louisiana and therefore enjoys the sovereign immunity granted to the several states.

The creation and the powers of the Dock Board are found in the Constitution of Louisiana and in the Acts of the Legislature of Louisiana[3].

At least three times the Louisiana Constitution states the sources of the power of the Dock Board.

"Article 6 § 16. Powers and authority. The Board of Commissioners of the Port of New Orleans shall, except as herein otherwise changed and amended, have and exercise all power now conferred upon it by the Constitution, and such other authority as may be conferred by the Legislature."

"Article 6, § 16.1. The Board of Commissioners of the Port of New Orleans shall except as otherwise herein changed and amended, have and exercise all powers now conferred by the Constitution or statutes upon them; * * *."

"Article 6 § 16.4. Additional authority of board. That the Legislature may confer further any additional authority upon said Board of Commis-

sioners of the Port of New Orleans not inconsistent herewith."

The Louisiana Constitution proceeds to endow the Dock Board with a series of powers including, among others, the following: To borrow money and issue notes and bonds secured by the credit of the State of Louisiana, to lease land to tenants, to create industrial districts, to acquire land by purchase, lease or expropriation, to exempt property from taxation, to levy assessments against lands, to issue bonds for which neither the credit of the State of Louisiana or the Board itself shall be pledged, to enter into contracts, to enact ordinances, to organize the departments of the Board and to determine the duties, powers and compensation of all personnel in such departments.

The Legislature of Louisiana acting on the several grants of authority referred to above has likewise endowed the Dock Board with a series of powers including, among others, the following: To regulate commerce of the port and harbor of New Orleans, to administer the wharves of the Port of New Orleans, to construct new wharves and other structures, to maintain wharves and other structures in good condition, to maintain the water depths of the wharves, to provide mechanical facilities for the use of the wharves, to provide utilities and police protection for the wharves, to finance, build and operate locks, canals and wharehouse elevators, to charge, for the use of the wharves and its facilities, fees, rates, tariffs or other charges that the Dock Board may establish, to acquire, by purchase or expropriation, properties, to render statistical and financial reports, to enact ordinances containing criminal

---

1. 28 U.S.C. 1332(a) (1)—(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—(1) citizens of different states.

2. The Judicial power of the United States shall not be construed to extend to any

suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

3. Article 6 § 16–17 of the Louisiana Constitution and LSA–RS 34:1–44.

penalties, to maintain a port and harbor police force, to issue certificates of indebtedness conditioned as the Board may direct and secured by real estate mortgages and property assessments without the credit of the State of Louisiana or the Board itself.

Prior to the adoption of the Louisiana Revised Statutes of 1950, some of the powers of the Dock Board were enumerated in Acts 1915, Ex. Session No. 14 § 1 (now LSA-RS 34:21) and included the following sentence:

"They [the Dock Board] shall have and enjoy all the rights and powers and immunities incident to corporations."

This sentence was not carried over into the Louisiana Revised Statutes of 1950 and is not now contained in LSA-RS 34:21. However, as Judge Rubin pointed out in Board of Commissioners of Port of New Orleans v. The M/V Gotama Jayanti, 274 F.Supp. 265 (E.D. La.1967), "the omission from LSA-RS 34:21 of the phrase in the prior law granting the Board the powers and immunities incidental to corporations appears to embody no change in policy or alteration in the powers of the Board. Instead it seems more likely that the purpose of the revision was to delete words that referred to a body which is not a corporation as if it were."

■ From an examination of the enumerated powers of the Dock Board, it is apparent that it has many rights, powers and purposes which are usually enjoyed by corporations.[4] As early as

1896 the Louisiana Supreme Court recognized this in Duffy v. City of New Orleans, 49 La.Ann. 114, 21 So. 179 (1896) when it said that the Dock Board "* * may possess some of the incidents of a corporation * * *." It is not administered by the executive branch of government of the State of Louisiana. Rather, the Dock Board administers itself through an independently selected Board of Directors which is known as Board of Commissioners consisting of members possessing certain qualifications and tenure set out in Article 6 § 17 of the Louisiana Constitution. While the board members are appointed by the Governor of Louisiana, he must select the appointees from nominees submitted by a Nominating Council composed of heads of several Nominating Organizations like the Chamber of Commerce of the New Orleans Area, New Orleans Board of Trade, and others. Therefore, we have an entity administered by a Board of Commissioners with rights, powers and purposes found in statutory and constitutional law.

■ It is recognized that a state agency like the Dock Board need not be a separate corporation in order to be a citizen. The Fifth Circuit Court of Appeals has had occasion to consider the status of the Department of Highways of Louisiana in two cases with an issue similar to the question raised before this Court. In Louisiana Highway Commission v. Farnsworth, 74 F.2d 910 (5th Cir., 1935), that court held that the Highway Commission was a citizen for

4. In State of Louisiana v. Board of Commissioners of Port of New Orleans, 153 La. 664, 96 So. 510 (1923) the State of Louisiana, the real sovereign, sued the Dock Board seeking injunctive relief. Certainly the State of Louisiana regarded the Dock Board as a separate entity otherwise it would be suing itself. Incidentally the Dock Board obtained judgment against the State of Louisiana dismissing the State's suit. In the course of the opinion, the Louisiana Supreme Court commented on the breadth of the powers of the Dock Board as follows: "The investment in the board of 'all rights, powers and immunities incident to corporations' means, not that the board has all or any of the powers that any corporation may have, but that the board has all of the incidental or implied powers that a political corporation needs to perform the duties that are expressly imposed upon it, or to fulfill the objects and purposes for which it was created. In allowing the board to do whatever is necessary for the exercise of the authority and duties expressly conferred upon it, the law does not put a very strict meaning upon what is necessary, but leaves the matter in some measure to the discretion of the board."

diversity of citizenship purposes. At that time the statute creating the Highway Commission provided that it was a "body corporate". However, subsequent to the *Farnsworth* decision the law was changed and the Department of Highways was created to take the place of the Highway Commission. The new statute, LSA-R.S. 48:22, omitted the designation of the Department of Highways as a "body corporate" and instead provided that it "shall have and enjoy all the rights, powers and immunities incident to corporations * * *" In Department of Highways of Louisiana v. Morse Brothers & Associates, Inc., 211 F.2d 140 (5th Cir. 1954), the effect of the amendment of the statute relating to the Department of Highways upon the *Farnsworth* decision was considered by the Fifth Circuit Court of Appeals. Counsel for the Department of Highways argued that the Act creating the Department of Highways was changed to · conform to the law governing the Dock Board by omitting the express declaration that the Department should be a body corporate. So the court was faced with the question of "whether or not the appellant [the Department of Highways] is an entity, corporate *or otherwise,* constituting it a citizen subject to suit by a non-resident in the Federal Courts." 211 F.2d at 141. (Emphasis added) The Fifth Circuit held that the Department of Highways of the State of Louisiana was still a citizen for diversity purposes even though it was no longer a corporation created by any statute.

In Henning v. Lake Charles Harbor and Terminal District, 387 F.2d 264 (5th Cir., 1968), an expropriation suit by the Lake Charles Harbor and Terminal District was removed to federal court on grounds of diversity of citizenship. The Lake Charles Harbor and Terminal District has powers similar to those exercised by the Dock Board, and the District was not created as a corporation separate from the State. If the Fifth Circuit had felt that it did not have jurisdiction because the District was not a citizen, it could have ordered the case remanded to state court. But this issue was not even raised by the Court.

█ The issue in this motion is the question of whether or not this entity described heretofore should be considered a "citizen" for purposes of diversity of citizenship jurisdiction in this court, or rather is this entity the State of Louisiana, and therefore not a "citizen" for diversity jurisdictional purposes. In diversity actions, whether the agency is in fact the state itself, or instead, an independent agency thereof, is a question of federal law. Missouri Pacific Railroad Company v. Travelers Insurance Co., 281 F.Supp. 100 (E.D.La.1968); State Highway Commission in Arkansas v. Kansas City Bridge Company, 81 F.2d 689 (8th Cir. 1936); NA-JA Construction Corporation v. Roberts, 259 F.Supp. 895 (D.Del.,–1966); DeLong Corporation v. Oregon State Highway Commission, 233 F.Supp. 7 (D.Or.,–1964), aff'd 343 F.2d 911 (9th Cir., 1965), cert. den. 382 U.S. 877, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965). However, in determining this question the Court will be influenced by state court decisions on the nature of the Dock Board. We agree that the Dock Board is an agency of the State of Louisiana. Hartwig Moss Insurance Agency v. Board of Commissioners of Port of New Orleans, 206 La. 395, 19 So.2d 178, 181 (1944). Again the Board was recognized as an agency of the State of Louisiana and not the sovereign State of Louisiana by the Louisiana Supreme Court in Board of Com'rs of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127 (1927) which case held that the Louisiana statute of limitations (prescription) runs against the Board but admitted that it would not run against the State of Louisiana. True, in the *Toyo* case the Court found an interruption of the prescription but the finding of an interruption of prescription necessitates a finding that prescription runs against the Board. The Court said: "But we think the prescription was interrupted * * *." If

**916**

the Louisiana Supreme Court intended to accord to the Board the rights of the sovereign State of Louisiana, it would have found that prescription did not run against the Board.

■ The one power apparently not specifically given to the Board by either the Louisiana Constitution or by legislative act is the power to sue and be sued. However, we must find inherent in the powers, rights and purposes of the Board the right to sue in order to accomplish its purposes heretofore outlined. Furthermore, the Dock Board itself insists on its right to sue and Judge Rubin in Board of Commissioners of Port of New Orleans v. The M/V Gotama Jayanti, supra, ruled that the Board had the right to *sue* in its own name, and not in the name of the State of Louisiana. Likewise, the Board is subject to suit at least in contract. As Judge Ainsworth noted in Prebensen & Blakstad v. Board of Commissioners of Port of New Orleans, 241 F.Supp. 757, 759–760 (E.D.La.,1965), the Louisiana Supreme Court upheld suits in contract against the Dock Board in Geary v. Board of Commissioners, etc., 139 La. 781, 72 So. 245 (1916); Hartwig Moss Insurance Agency v. Board of Commissioners, etc., 206 La. 395, 19 So.2d 178 (1944); and Leon Irwin & Co., Inc. v. Board of Commissioners of Port of New Orleans, 176 La. 13, 145 So. 123 (1932). From the above it is apparent that the Board has a multitude of rights, powers and purposes that public corporations, body politics and municipal corporations traditionally possess, including a governing body, police authority, the right to enact ordinances, the right to expropriate, the right to construct public improvements, the right to sue and the right to make binding contracts and be sued on them. Therefore, we find that the Dock Board is a separate and distinct entity from the sovereign State of Louisiana and is not, therefore, merely the alter ego of the State of Louisiana.

■ This is a suit ex contractu and the issue of sovereign immunity under the Eleventh Amendment of the United States Constitution is inapplicable. The Dock Board in its contract with plaintiff represented to the plaintiff that it could recover damages under the contract between these two parties. Item 24 of the contract gives the plaintiff the right to "stop work or terminate this contract and recover from the Board payment for all work executed and any loss sustained upon any plant or materials and reasonable damages." We are of the opinion that the Dock Board is estopped from claiming sovereign immunity because of its prior action in making these representations. See Prebensen & Blakstad v. Board of Commissioners of Port of New Orleans, 241 F.Supp. 757 (E.D.La., 1965). Even the possession of sovereign immunity would not preclude our finding set out above that the Dock Board has a status and is an entity to qualify it as a citizen for diversity of citizenship jurisdiction.[5]

■ Finally, it is contended that this suit is premature because the Dock Board has not filed an acceptance of the work done under the Louisiana Public Works Act, R.S. 38:2241 et seq. Under this Act, once the governing authority or state agency files such an acceptance, claimants have 45 days in which to file their claims. If after the 45 day period has expired, any filed and recorded claims are unpaid, the state agency shall file a petition for a concursus proceeding.

The Court is of the opinion that the plaintiff contractor should not be penalized because of the Dock Board's inaction in not filing an acceptance even though the construction has been quite substantially, if not completely, performed. Our view is supported by the

5. In this regard we note that in Cowles v. Mercer County, 7 Wall. 118, 122, 74 U.S. 118, 122, 19 L.Ed. 86 (1868), the United States Supreme Court held that "[t]he power to contract with citizens of other States implies liability to suit by citizens of other states, and no statute limitation of suability can defeat a jurisdiction given by the Constitution."

Louisiana Supreme Court's decision in Terrill Construction Co. v. Town of Pineville, 168 La. 894, 123 So. 611, 612 (1929), in which the Court said that if the plaintiff contractor had had to wait until the defendant town authorities provoked a concursus, "the result might be that plaintif would be without remedy or redress at all in the present case, as the defendant, in our opinion, would not have filed such a petition in any event."

We further note that no claims have been filed with the Dock Board. In Albin v. Harvey & Jones, 162 So. 658 (La.App., 2nd Cir., 1935) and Guess & Albin v. Worman, 162 So. 662 (La.App., 2nd Cir., 1935), the Louisiana Court of Appeals for the Second Circuit held that a plaintiff could recover under a public works contract without invoking a concursus proceeding if there were no other claimants. We agree with and follow these cases.

Therefore the motion of the Board of Commissioners of the Port of New Orleans to dismiss is denied.