**C. H. LEAVELL & COMPANY, Plaintiff-Appellee,**

v.

**BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS and Department of Highways, State of Louisiana, Defendants-Appellants.**

**No. 28437.**

United States Court of Appeals, Fifth Circuit.

May 6, 1970.

Rehearing Denied June 4, 1970.

See also, D.C., 309 F.Supp. 626.

---

Sumter D. Marks, Jr., Louis B. Claverie, New Orleans, La., for defendants-appellants.

Gibbons Burke, Peter A. Feringa, Jr., New Orleans, La., Elven E. Ponder, Baton Rouge, La., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

CLARK, Circuit Judge:

An appeal from an Interlocutory Order[1] in a diversity action presents the narrow but important issue of whether the Board of Commissioners of the Port of New Orleans (Dock Board) is the alter ego of the State of Louisiana. The resolution of this issue requires an *Erie* supposition as to Louisiana law, since no definitive precedent can be found. We hold the Dock Board, as a State agency, has a separate legal identity from the State of Louisiana and affirm the decision of the District Court.

The complaint founds federal jurisdiction on diversity of citizenship and a value in controversy in excess of 10,000 dollars.[2] If the Dock Board is merely a second self of the State of Louisiana, a matter to be determined according to State law, then federal jurisdiction is lacking. Centraal Stikstof Verkoopkantoor, N. V. v. Alabama State Docks Department, 415 F.2d 452 (5th Cir. 1969).[3]

The Dock Board was created in 1896[4] to regulate and operate the port facilities of the Harbor of New Orleans. The enabling act provided that the Dock Board should have and enjoy all of the rights, powers and immunities incident to a corporation. It was specifically granted various independent business powers, including the authority to employ legal services and to engage counsel deemed necessary.

This case is readily distinguishable from Centraal Stikstof Verkoopkantoor, N. V. v. Alabama State Docks Department, supra. There we made a determination of status under Alabama law where a clear State precedent was available. As this court pointed out regarding the act creating the Alabama State Dock Department: "The statute allows the Docks department to develop harbor facilities *in the name of the State*, title to all property vests in the *State of Alabama;* suit is to be brought in the *name of the state.*" (Italics in original) 415 F.2d at 457. None of these factors emphasized in the Alabama case are present here.

The Dock Board summarizes its State entity identity contentions to this Court thus: (1)· the Dock Board has no corporate status, a point adjudicated in the early case of Duffy v. City of New Orleans, 49 La.Ann. 114, 21 So. 179 (1896); (2) Louisiana adjudicated that the Dock Board held title to property in trust for public purposes in Barrett Mfg. Co. v. Board of Commissioners, etc., 133 La. 1022, 63 So. 505 (1913); (3) both State ex rel. Tallant v. Board of Commissioners,

---

1. 28 U.S.C.A. § 1292(b) (1966).

2. 28 U.S.C.A. § 1332 (1966).

3. Cf. Parden v. Terminal Railway of Alabama State Docks Dept., 311 F.2d 727 (5th Cir. 1963), rev. 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964).

4. Act 70 of 1896, See LSA–R.S. 34:1–44.

etc., 161 La. 361, 108 So. 770 (1926), and Act 273 of 1958 described the Dock Board as an agency of the State; (4) the Board lacks express authority from the legislature to sue or be sued; (5) the activities of the Board have statewide effect; (6) the Board lacks autonomy; and (7) the State Constitution recognizes a direct obligation by the State for the bonded indebtedness created by the Board.

The plaintiff replies seriatim: (1) although the Dock Board was not formally incorporated, it was empowered by the act creating it " * * * to have and enjoy all the rights, powers and immunities incident to corporations", § 2, Act 70 of 1896, supra; (2) the legislature expressly authorized a transfer of real estate from the Orleans Parish School Board to the Dock Board and provided that this transfer would be made with a reservation of mineral rights to the State, Act 273 of 1958, thus indicating by the required form of the conveyance: (i) that the Board could own property and (ii) that its ownership was separate from the State so as to require the mineral reservation; (3) State ex rel. Tallant v. Board of Commissioners, etc., supra, is more authority for the plaintiff than for the Dock Board because that decision expressly recognized that the legislative purpose in creating the Dock Board was to get its function out of the imbroglio of State politics thus indicating a separate being for the Dock Board vis-à-vis the State; (4) the Dock Board has sued or been sued by name in both State and federal forums on twenty-three reported occasions; (5) the fact that a matter has statewide effect does not mean that it has statewide identity, e.g., New Orleans television stations;

(6) the Dock Board has claimed autonomy in public relations releases, and nominations for Board membership, as well as procedures for removal of Board members from office, are not solely discretionary with the State Governor but are limited by statute requiring local participation in such decisions; and (7) the fact that the Board's genesis was in a desire to remove it from State politics, shows an intended insulation from the State which at least off-sets the State's assumption of liability for the Board's bonded debt.

■ This interplay of positions by the parties makes one thing crystal clear—resourceful counsel can find no controlling State precedent. Nor can we. In such a situation it is appropriate to note, as we have before: "We give great weight to the view of the State law taken by a district judge experienced in the law of that state, although of course the parties are entitled to review by us of the trial court's determination of state law just as they are of any other legal question in a case." Freeman v. Continental Gin Co., 381 F.2d 459, 466 (5th Cir. 1967).[5]

Bearing on the case sub judice we find rulings by, not one, but four different United States District Judges from the Eastern District of Louisiana, all of whom arrived at the same result. Three decisions were in admiralty matters (one by the same judge who decided this case below), and one was in a civil action based upon diversity of citizenship.[6]

We reach the same result as these Louisiana jurists, not only by a comparison of the assertions and responses of the litigants before us, but because the State of Louisiana has sued the Dock Board in its own courts. State v. Board of Com-

5. See also Sudderth v. National Lead Co., 272 F.2d 259 (5th Cir. 1959); City National Bank v. United States, 383 F.2d 341 (5th Cir. 1967); and Wright, Federal Courts, 2d Ed., 240 (1970) and the authorities there cited.

6. The admiralty cases were: United States v. Southern Scrap Materials Co., Ltd. (No. 6403, E.D., La., Opinion Order of Judge Christenberry, March 26,

1965); Prebensen & Blakstad v. Bd. of Commissioners, etc., 241 F.Supp. 757 (E. D.La., 1965) by then District Judge Ainsworth, now a member of this Court; and Bd. of Commissioners of Port of New Orleans v. M/V Gotama Jayanti, 274 F.Supp. 265 (E.D.La., 1967) by Judge Rubin. The diversity suit was George A. Fuller Co., Inc. v. Coastal Plains, Inc., 290 F.Supp. 911 (E.D.La., 1968) decided by Judge Comiskey.

missioners, etc., 153 La. 664, 96 So. 510 (1923) ; and in an equally telling case, Louisiana held that prescription (its Civil Law equivalent of the statute of limitations) as applied against the Dock Board had been interrupted by the occurrence of certain events. Board of Commissioners of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127 (1927).[7] Obviously the Louisiana Supreme Court would not have ruled prescription interrupted if the Dock Board were the same entity as the State, since prescription does not run against the State. We also note that the Dock Board employs and engages its own counsel rather than being represented by the State's legal officer, the Attorney General.

With the best lights given us, we hold that, under Louisiana law, the Dock Board is a sufficiently separate entity from the State of Louisiana to sustain diversity jurisdiction in the case sub judice.

Affirmed.

---

7. See also Saint v. Allen, 172 La. 350, 134 So. 246 (1931), which relied on the rationale of the Toyo Kisen Kaisha case to separate the entity of the State Highway Commission from the entity of the State of Louisiana. We have twice recognized the separate entity of this agency. Louisiana Highway Commission v. Farnsworth, 74 F.2d 910 (5th Cir. 1935), and Dept. of Highways of Louisiana v. Morse Bros. & Associates, Inc., 211 F.2d 140 (5th Cir. 1954).