445 F.2d 655
 The JORDAN COMPANY, Plaintiff-Appellee,
v.
BETHLEHEM STEEL CORPORATION, Defendant, Victor E. Raymos, as
Trustee of the Estate of Southern Steel
Construction Company, Inc., Bankrupt,
Defendant-Appellant.
No. 71-1349 Summary Calendar.*
*Rule 18, 5th Cir.: see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 July 8, 1971.
 
 Fred S. Clark, Savannah, Ga., Joe Schreiber, Schreiber & Rozier, Waycross, Ga., and Brannen & Clark, Savannah, Ga., attorney for appellant.
 Walter C. Hartridge, II, Savannah, Ga., Malcolm Maclean, Arnold C. Young, Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, P.C., Savannah, Ga., for Bethlehem Steel Corp.
 Appeal from the United States District Court for the Southern District of Georgia, Alexander A. Lawrence, Chief Judge.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The final judgment here on appeal emanated from an order composed of findings of fact and conclusions of law which are published. 309 F.Supp. 148. The appellant, Southern Steel Construction Company, Inc., does not challenge the findings of fact. Its contentions that the court erred in concluding that a novation resulted from its actions and that Bethlehem Steel Corporation was entitled to the funds interpled because of superior equities, are without merit.
 
 
 2
 Affirmed. See Local Rule 21.[1] /2/
 
 
 
 [1]
 See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970). In this case we accord great weight to the determination of Georgia law by the Georgia District Judge. C. H. Leavell & Co. v. Board of Commissioners of the Port of New Orleans, 424 F.2d 764 (5th Cir. 1970)
 
 
 [2]
 After the time for briefing in this court had expired, the trustee for Southern Steel requested leave to file a supplemental brief. This request was granted. However, the brief raises entirely new issues never presented to the court below. We fefuse to consider or decide these belatedly raised issues. See Overmyer Co. v. Loflin, 440 F.2d 1213 (5th Cir. 1971) and cases cited therein