**SPLENDOUR SHIPPING & ENTER-
PRISES COMPANY, INC., et al.,
Plaintiff-Appellant,**

v.

**BOARD OF COMMISSIONERS OF the
PORT OF NEW ORLEANS,
Defendant-Appellee.**

**No. 72–1535.**

United States Court of Appeals,
Fifth Circuit.

May 1, 1973.

Paul A. Nalty, New Orleans, La., for plaintiff-appellant.

Cornelius G. Van Dalen, New Orleans, La., for defendant-appellee.

Before TUTTLE, WISDOM and SIMPSON, Circuit Judges.

PER CURIAM:

The suit below arose from a collision between the vessel Ocean Splendour and the Florida Avenue Bridge, which spans the New Orleans Industrial Canal in Orleans Parish, Louisiana. The Ocean Splendour is owned by petitioner, Splendour Shipping and Enterprises Company (Splendour), a Liberian corporation, and the bridge is owned and operated by the Board of Commissioners of the Port of New Orleans (Dock Board). Splendour sued in admiralty for recovery of damages to its vessel, Ocean Splendour, and sought to have the Florida Avenue Bridge declared a "hazard to navigation." The Dock Board moved for a dismissal of the complaint on the grounds that as an agency of the State of Louisiana the Dock Board enjoys sovereign immunity from suit in tort. Judge Heebe of the district court denied the motion to dismiss, but certified the question of the Board's sovereign immunity from suit in tort for immediate interlocutory appeal to this Court under Title 28, U.S.C., Section 1292(b). This Court granted leave to appeal from the interlocutory order. We withheld decision pending decision of this Louisiana law question by the Supreme Court of Louisiana in a related case. According controlling weight to that court's ruling, which has now been declared, we affirm. The lower court's decision correctly anticipated the view taken by the highest court of Louisiana.

In a companion case arising out of the same collision, the Dock Board brought suit against Splendour in a Louisiana court for damages to the bridge; Splendour reconvened against the Dock Board for the damages to its vessel. Splendour's reconventional demand was dismissed by the state trial court on the grounds that the Dock Board, as an agency of the State of Louisiana, enjoys sovereign immunity from suit in tort; the Louisiana Court of Appeal for the Fourth Circuit affirmed, Board of Commissioners v. Splendour Shipping & Enterprises Co., Inc., La.App.1971, 255 So. 2d 869. On January 15, 1973, the Supreme Court of Louisiana reversed, Board of Commissioners of the Port of New Orleans, An Agency of the State of Louisiana, La.Sup.Ct.1973, 273 So.2d 19.

■■ The Supreme Court of Louisiana held that since the doctrine of sovereign immunity in Louisiana was a creation of the judiciary, it could be judicially abolished. Noting that the doctrine of sovereign immunity is unfair, that it tends toward governmental irresponsibility, and that it violates the policy of the Louisiana Constitution, Id., slip. op. at 16–17, the Supreme Court of Louisiana held ". . . that the Board of Commissioners of the Port of New Orleans, and other such boards and agencies, are not immune from suit for tort." *Id.*, slip. op. at 18. Since the Dock Board clearly does not enjoy sovereign immunity from suit in tort as a matter of state law, it may not assert that defense to an action brought in federal court, cf. Centraal Stikstof Verkoopkantoor, N. V. v. Alabama State Docks Department, 5 Cir. 1969, 415 F.2d 452, 457. Further, this Court has held that a federal court is not barred by the Eleventh Amendment from asserting jurisdiction over the Dock Board based on diversity of citizenship, C. H. Leavell & Co. v. Board of Commissioners of the Port of New Orleans, 5 Cir. 1970, 424 F.2d 764. A different result is not mandated when the admiralty jurisdiction of a federal court is invoked.

Affirmed.